UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

JAMES FRANCIS STONE and
IZABELA STONE,

      Debtors.
_____/

ANGELA W. ESPOSITO, as Chapter 7
Trustee of the Estate of JAMES FRANCIS
STONE and IZABELA STONE,

      Plaintiff,

vs.

CAPITAL ONE BANK (USA), N.A.,

      Defendant.
_____/

Case No. 8:10-cv-2517-JDW
Bankr. Case No. 8:10-bk-929-MGW
Adv. Pro. No. 8:10-ap-1073-MGW

## ORDER

**BEFORE THE COURT** is Defendant Capital One's Motion to Withdraw the Reference (Dkt. 2). Upon consideration, the motion is **DENIED**.

### Background

The underlying adversary proceeding involves a complaint filed by the Trustee alleging that Capital One attempted to collect a debt in a manner which violated the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq.* Capital One petitioned this Court for an order withdrawing the adversary proceeding from bankruptcy court. The Trustee opposes the motion, arguing Capital One has not demonstrated cause for withdrawing the reference. The Trustee contends the adversary proceeding should remain in the same forum as the debtor's bankruptcy case, as the bankruptcy court "is already responsible for resolving claims related to the bankruptcy estate." This Court agrees.

**Analysis**

District courts have original jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). However, the Middle District of Florida has a standing order which refers these proceedings to the bankruptcy courts. *See* 28 U.S.C. § 157(a). A party may petition the district court to withdraw the reference of a particular matter. Section 157(d) provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

Capital One relies on the first sentence of § 157(d), which affords district courts the discretion to withdraw the reference upon a showing of cause. *See Hvide Marine Towing, Inc. v. Kimbrell (In re Hvide Marine Inc.)*, 248 B.R. 841, 844 (M.D. Fla. 2000). Although not defined in the statute, "cause" is "not an empty requirement." *Dionne v. Simmons (In re Simmons)*, 200 F.3d 738, 741 (11th Cir. 2000). Courts generally consider factors such as "advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process." *Id.* at 742 (quotation omitted). Additional considerations include "(1) whether the claim is core or non-core; (2) efficient use of judicial resources; (3) a jury demand; and (4) prevention of delay." *Hvide Marine Towing*, 248 B.R. at 844 (quotation omitted). Capital One's motion is grounded on three factors: the jury demand, the non-core nature of the proceeding, and judicial economy.

First, Capital One demanded a trial by jury but refuses to consent to a jury trial conducted by the bankruptcy court. *See* § 157(e) (bankruptcy court can conduct jury trial, but only with the parties' express consent and special designation by the district court). Although Capital One asserts

the right to a jury trial in the district court, which the Trustee does not dispute, it does not follow that the case must immediately be withdrawn from the bankruptcy court. *See Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 504 F.3d 775, 787-88 (9th Cir. 2007) (collecting cases). Rather, the bankruptcy court may retain jurisdiction to address all pretrial matters, from discovery to dispositive motions. *See id.*; *Hvide Marine Towing*, 248 B.R. at 845 ("[T]he bankruptcy judge is 'fully equipped' with the necessary judicial skills to determine and resolve all legal issues arising in this case prior to trial."). Indeed, requiring immediate transfer to the district court "would run counter to our bankruptcy system," which is intended to "promote[] judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them." *Healthcentral.com*, 504 F.3d at 787-88.

Second, Capital One contends this matter is not a core proceeding. Although Capital One makes a persuasive argument, the core/non-core determination "should first be made by the bankruptcy court." *Hvide Marine Towing*, 248 B.R. at 845 n.5; *see TPI Int'l Airways v. Fed. Aviation Admin. (In re TPI Int'l Airways)*, 222 B.R. 663, 668 n.3 (S.D. Ga. 1998); § 157(b)(3). There is nothing in the record which reflects the bankruptcy court's determination. Indeed, Capital One's argument suggests the bankruptcy court has not yet addressed the issue. "[T]o permit such a withdrawal at this stage on the sole ground that the proceeding is non-core would disregard the provisions of § 157(b)(3) by removing the decision as to whether an action is a core proceeding from the Bankruptcy Court." *Fisher v. Ins. Co. of the State of Pa. (In re Pied Piper Casuals, Inc.)*, 48 B.R. 294, 295 (S.D.N.Y. 1985); *but see Control Center, LLC v. Lauer*, 288 B.R. 269, 275 n.24 (M.D. Fla. 2002) (making core/non-core determination in the first instance for purposes of judicial efficiency where additional grounds existed to withdraw the reference).

Even if this is a non-core proceeding, as Capital One argues, a bankruptcy court "may hear a proceeding that is not a core proceeding but that is otherwise related to a case under tile 11." 28

U.S.C. § 157(c)(1). If the outcome of the proceeding "could conceivably have an effect on an estate being administered in bankruptcy," the bankruptcy court may exercise "related to" jurisdiction. *Franklin Life Ins. Co. v. Rousselle (In re Rousselle)*, 259 B.R. 409, 412 (Bankr. M.D. Fla 2001).

Third, Capital One argues judicial economy favors withdrawing the reference. The Court disagrees. Denying the requested withdrawal at this juncture will facilitate the bankruptcy process and make efficient use of the bankruptcy court's expertise. *See Healthcentral.com*, 504 F.3d at 787-88. This is a much more efficient use of judicial resources, as opposed to withdrawing the reference and pitting the case against the competing criminal and civil litigation demands of the district court's docket. This should also preserve the parties' resources by allowing all pretrial matters in this dispute to be resolved in the same forum as the debtor's estate.

## Conclusion

Accordingly, the motion to withdraw the reference (Dkt. 2) is **DENIED**. The clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** this 6th day of December, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record